UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OMAR HASSAD, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.:2:14-CV-263-RL-PRC |
| ) | |
| MEIJER INC. and ERIN CULLER, ) | |
|    Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration and Stay the Current Proceedings [DE 4], filed by Defendants Meijer Stores Limited Partnership ("Meijer"), incorrectly named as "Meijer, Inc.", and Erin Culler on September 26, 2014.

Plaintiff, Omar Hassad, was hired by Meijer on November 22, 2010, as a Pharmacy Team Leader at Meijer Store #149 in Michigan City, Indiana. Hassad was later transferred to Store #170, in Highland, Indiana, where he maintained his position as Pharmacy Team Leader. In that role, Hassad worked with Defendant Erin Culler, a Pharmacy Specialist and an employee of Meijer. Hassad voluntarily resigned from Meijer in April 2014. As a condition of his employment with Meijer, Hassad was required to comply with the provisions of the Meijer Team Member Dispute Resolution Procedure ("DRP"). The DRP provides:

> By accepting employment with the company, by accepting a promotion or transfer into a non-bargaining unit position and/or by continuing your employment after the effective date of the DRP, you and the company mutually agree to be bound by the terms of the DRP and to resolve all claims defined in the DRP as subject to arbitration through mandatory, final and binding arbitration, instead of through litigation in court. That means arbitration is your sole and exclusive means for resolving such disputes.

Def. Mot. (Ex. A, p.1).

More specifically, the DRP provides that "all claims that arise out of or relate to the team member's employment and/or separation from employment with Meijer and that concern legally protected rights for which a court would be authorized by law to grant relief are subject to arbitration. *Id*. at p. 8. This includes "claims for violation of any federal, state or local constitution, statute, ordinance, regulation or rule pertaining to employment and claims of violation of the common law." *Id*. The DRP provides examples such as "claims of employment discrimination, harassment or failure to accommodate, including, but not limited to, claims based on race, sex, age, national origin, religion, physical or mental disability and marital status." *Id*. As further examples of specific statutory claims subject to arbitration, the DRP lists Title VII of the Civil Rights Act of 1964 ("Title VI") and the Family Medical Leave Act ("FMLA").

On July 28, 2014, Hassad filed this cause of action against Defendants, alleging gender, national origin, and religious discrimination and retaliation under Title VII and violations of the FMLA.

On September 26, 2014, Defendants filed the instant Motion to Compel Arbitration and Stay the Current Proceedings pursuant to the Arbitration Agreement and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. No response has been filed, and the time to do so has passed. In the motion, Defendants represent that counsel for Plaintiff has indicated that Plaintiff will not oppose arbitration pursuant to Plaintiff's agreement to arbitrate claims under Meijer's DRP. In fact, Plaintiff's counsel has agreed to submit Hassad's claims to arbitration and has selected the American Arbitration Association as Plaintiff's forum.

Federal policy strongly favors the use of arbitration as a means of alternative dispute resolution. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-26 (1991). The Federal

Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, federal courts must compel arbitration if any issues are "referable to arbitration under an agreement in writing for such arbitration," so long as the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. Any doubt concerning the scope of arbitrable issues under an arbitration agreement should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Further, "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Gilmer*, 500 U.S. at 26. "[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, forum." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Hassad and his counsel do not dispute that the DRP and Hassad's agreement to arbitrate set forth in the provisions of the DRP are binding and enforceable or that Hassad's allegations in his civil complaint are subject to arbitration under the DRP.

Defendants seek a stay of the instant proceedings under 9 U.S.C. § 3 pending the resolution of the arbitration proceedings. Section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

3

9 U.S.C. § 3. The stay is mandatory when arbitrable issues are before the court. *Id.*; *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("[A] court must stay its proceedings if it is satisfied that an issue before it is arbitrable. . . ."); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 971 (7th Cir. 2007) ("For arbitrable issues, a § 3 stay is mandatory).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Compel Arbitration and Stay the Current Proceedings [DE 4] and **STAYS** these proceedings pending the outcome of the parties' arbitration. The Court **ORDERS** the parties shall **FILE** a status report on arbitration on or before **February 20, 2015**.

SO ORDERED this 20th day of October, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record